UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARK FRAPPIER,                 )
Plaintiff                      )
                               )
                v.             ) C.A. NO. 09-cv-11006-MAP
                               )
COUNTRYWIDE HOME LOANS,        )
INC.                           )
Defendant                      )

MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT, and
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
CROSS MOTION FOR SUMMARY JUDGMENT
(Dkt. Nos. 19, 27, & 28)

October 7, 2010

PONSOR, D.J.

I.   INTRODUCTION

On May 11, 2009, Plaintiff Mark Frappier filed suit against Defendant Countrywide Home Loans, Inc. in Suffolk County Superior Court, alleging that Defendant had engaged in prohibited predatory lending practices in relation to Plaintiff's home mortgage loan for a property located at 26 Matthews Road, Southwick, Massachusetts 01077. Specifically, Plaintiff alleged violations of Mass. Gen.

Laws ch. 93A ("Chapter 93A") and the implied covenant of good faith and fair dealing, as well as negligence and unjust enrichment.  On June 12, 2009, Defendant removed to this court on diversity grounds.

Defendant now moves for summary judgment.  (Dkt. No. 19.)  Plaintiff cross-moves for summary judgment (Dkt. No. 27), and Defendant moves to strike Plaintiff's cross-motion (Dkt. No. 28).  For the reasons stated below, Defendant's Motion for Summary Judgment will be allowed.  Plaintiff's Cross-Motion and Defendant's Motion to Strike will be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On or about October 27, 2006, Plaintiff refinanced the mortgage on his home at 26 Matthews Road, Southwick, Massachusetts.  Defendant provided the financing. Plaintiff's original mortgage dated to 1999, and Plaintiff had refinanced the property a number of times.  This particular refinancing had to be accomplished quickly, as there was a deadline imposed under the terms of Plaintiff's divorce.  Plaintiff applied and was approved for a so-called "stated income, stated asset" loan, under which Defendant

did not undertake to verify Plaintiff's stated income. Defendant made this expedited procedure available to Plaintiff because of his good credit history.

The October loan application shows Plaintiff's income as $5,563/month and his occupation as "operations manager" of a local parish church. (Dkt. No. 22, Ex. H, at 2-3.) However, Plaintiff asserts that his income during the relevant period was in fact only $3,300/month, that he accurately entered the correct information ($3,300/month) on the loan application, and that the agent for Defendant somehow subsequently altered the form. Plaintiff signed the loan application, certifying his income information as correct under penalty of perjury, but he alleges that he lacked adequate time to review the loan documents for accuracy.[1]

Based on the information reflected in the October loan application, Plaintiff was offered a loan of $189,500. It

---

[1] Plaintiff also contends that certain documents were not properly served on him as required under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq., and other consumer protection statutes. However, he has admitted to throwing away a number of documents when he moved out of the Matthew Road property, and there is no TILA claim before the court.

was "a seven-year fixed-rate loan with an introductory interest rate of 6.875%" and monthly payments between $1500 and $1600 per month.  (Dkt. No. 21 ¶ 18.)  The monthly payments were approximately equivalent to the payments Plaintiff had been making on his previous mortgage.

On or around December 2006, Plaintiff applied for a second mortgage on the Matthews Road property.  The second mortgage application stated Plaintiff's income as $8,882.31/month.  The second application was approved as well, and Plaintiff received an additional line of credit in the amount of $37,825.84 at an APR of 10.591%, with monthly payments of $332.86.

In February 2008, Plaintiff began to have difficulty making his mortgage payments.  He attributed that difficulty to a number of causes, including his changing jobs and the rising cost of fuel.  (See Dkt. No. 22, Ex. R, Dep. of Mark Frappier 88:5-14.)  Eventually Plaintiff defaulted, Defendant foreclosed, and Plaintiff brought this action.

### III. DISCUSSION

The gravamen of the complaint is that, by approving a loan on the basis of a facially unlikely income amount

4

and/or a fraudulently altered loan application, Defendant engaged in predatory lending practices.  Specifically, the complaint alleges:

- Unjust Enrichment (Count 1)

- Entitlement to Equitable Relief (Count 2)

- Violation of Implied Covenant of Good Faith and Fair Dealing (Count 3)

- Violation of Mass. Gen. Laws ch. 93A (Count 4)

- Negligence (Count 5)

Plaintiff also requests the removal of the loan from his credit history.  (Dkt. No. 1, Ex. B, State Court Compl. Count 2 ¶ 26.)

A.   <u>Defendant's Motion for Summary Judgment</u>.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  On issues for which the non-moving party bears the ultimate burden of proof, the non-moving party "must present definite, competent evidence" to avoid summary disposition.  <u>Mesnick v. General Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991).

Plaintiff has the burden of persuasion at trial.  Defendant is therefore entitled to summary judgment on any particular claim if Plaintiff lacks sufficiently probative evidence to support each element of that claim.

    1.  <u>Chapter 93A (Count 4)</u>.

Mass. Gen. Laws ch. 93A, § 2 prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  Plaintiff argues that the loan at issue was "unfair" within the meaning of Chapter 93A because Defendant knew that Plaintiff would be unable to repay it.  (Dkt. No. 26 at 5.)  Plaintiff relies primarily on <u>Commonwealth v. Fremont</u>, 897 N.E.2d 548, 556, 560 (Mass. 2008), which stands for the proposition that it is unfair to originate "loans with terms that in combination would lead predictably to the consequences of the borrowers' default and foreclosure," even if the loans at issue are not "high cost home mortgage loans" as defined under Mass. Gen. Laws ch. 183C, § 2.

It is true that a lender may run afoul of Chapter 93A by knowingly setting up a borrower for default.  However, Plaintiff has pointed to no evidence in the record that Defendant had such knowledge or intent.  The terms of the

refinanced mortgage were on their face favorable to
Plaintiff; at the very least they were comparable to the
terms of his previous mortgage.  Plaintiff himself
attributed the default to a number of factors, including
increased heating costs and his change in jobs, none of
which Defendant could have predicted.

At oral argument, Plaintiff suggested that the
subsequent December loan made default on the October loan
more likely and argued that, in determining whether
Defendant unfairly offered Plaintiff a loan that ensured his
default, the court should treat the loans together.
However, Plaintiff has produced no evidence that the loans
were in fact contemplated as a package.  Indeed, the
complaint itself does not refer to the December loan at all.
Moreover, even if the two loans were negotiated together, it
is still not clear how or why the terms of such a package
were rigged to ensure Plaintiff's failure.

For these reasons, the court will find that Plaintiff
has produced no evidence that Defendant's conduct was either
unfair or deceptive, and Defendant's Motion for Summary
Judgment will be allowed with respect to Count 4.

2.    <u>Negligence (Count 5)</u>.

To prevail on a negligence claim, a plaintiff must show "duty, breach of duty . . . causation . . . and damages." <u>Bennett v. Eagle Brook Country Store, Inc.</u>, 557 N.E.2d 1166, 1168 (Mass. 1990).  Defendant argues that it owed Plaintiff no duty of due care because its relationship with Plaintiff was not fiduciary in nature.

In general, the relationship between a borrower and a lender is not fiduciary.  <u>See</u> <u>Rockland-Atlas Nat'l Bank v. Barry</u>, 143 N.E.2d 534, 536 (Mass. 1955), <u>cited in</u> <u>In re Greenberg</u>, 212 B.R. 422, 428 (Bankr. D. Mass. 1997).  <u>See also</u> <u>Shanley v. Rockland Trust Co.</u>, 735 N.E.2d 1273 (table), 2000 WL 1476109 at *3 (Mass. App. Ct. 2000)(citing <u>Shawmut Bank, N.A. v. Wayman</u>, 606 N.E.2d 925, 927 (Mass. App. Ct., 1993)).  For a fiduciary relationship to exist, one party must repose trust or confidence in another, who knows of and accepts that trust.  <u>Broomfield v. Kosow</u>, 212 N.E.2d 556, 560 (Mass. 1965), cited in <u>Cahaly v. Benistar Prop. Exch. Trust Co.</u>, 864 N.E.2d 548, 560 (Mass. App. Ct. 2007).

Plaintiff has not produced evidence that his relationship with Defendant was characterized by heightened

loyalty, trust, or confidence so as to give rise to a duty
of care on Defendant's part.  Instead, Plaintiff argues
generally that a cause of action for "negligent
underwriting" exists because "evolving standards governing
lenders . . . can be found . . . in regulatory and statutory
provisions."  (Dkt. No. 26.)[2]  Plaintiff does not explain
how the existence of any particular statute or regulation
imposes an affirmative duty on Defendant not to offer
"stated income/stated asset" loans to consumers with good
credit histories.  And, with respect to the alleged breach
of such a duty, Plaintiff has identified no statute or
regulation that Defendant's lending practices actually
violated.

Because Plaintiff has identified no legal duty that
Defendant's conduct allegedly breached, Defendant's Motion
for Summary Judgment will be allowed with respect to Count

---

[2] During oral argument, Plaintiff cited regulations
promulgated under the Home Ownership and Equity Protection
Act ("HOEPA"), 15 U.S.C. § 1639, to suggest that Defendant's
conduct had violated a generally recognized "standard of
care" reflected in federal regulations.  (Dkt. No. 35,
Plaintiff's Sur-Reply 1.)  Since both parties have
subsequently agreed that neither HOEPA nor its implementing
regulations govern either of the two loans, the court will
consider only the general "standard of care" argument.

5.

### 3.   Unjust Enrichment (Count 1).

Defendant argues that Plaintiff cannot recover for unjust enrichment because Plaintiff has failed to produce evidence or even specifically to allege that Defendant's conduct was "unjust."  "Unjust enrichment is defined as retention of money or property of another against the fundamental principles of justice or equity and good conscience."  Santagate v. Tower, 833 N.E.2d 171, 176 (Mass. App. Ct. 2005) (internal citations omitted).  "Unjust enrichment, as a basis for restitution, requires more than benefit.  The benefit must be unjust, a quality that turns on the reasonable expectations of the parties."  Community Builders, Inc. v. Indian Motocycle Assoc., Inc., 692 N.E.2d 964, 979 (Mass. App. Ct. 1998).

Plaintiff argues that Defendant's retention of interest on the loan is unjust because Defendant "wanted the subject loan . . . and stood to benefit from plaintiff's default," which default it "knew or should have known was inevitable." (Dkt. No. 26, Pl.'s Mem. in Opp. 7.)  However, as noted above, there is no evidence in this record from which a jury

could conclude that Defendant believed or had any reason to believe that Plaintiff was at a heightened risk of default, much less that such default was "inevitable."

Because there is no evidence that Plaintiff's payment of interest to Defendant was unjust, Plaintiff cannot recover on a theory of unjust enrichment, and Defendant's Motion for Summary Judgment will be allowed with respect to Count 1.

    4.   Implied Covenant of Good Faith and Fair Dealing (Count 3).

The implied covenant of good faith and fair dealing provides "that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Druker v. Roland Wm. Jutras Assocs., 348 N.E.2d 763, 765 (1976), cited in Anthony's Pier Four, Inc. v. HBC Assoc., 583 N.E.2d 806, 820 (Mass. 1991). The covenant concerns the manner of a contract's performance, not the contract's formation. Renovator's Supply, Inc. v. Sovereign Bank, 892 N.E.2d 777, 789 (Mass. App. Ct. 2008), rev. denied, 896 N.E.2d 632 (2008).

Plaintiff alleges that Defendant was indifferent to the

success of the combined loans and argues that, by granting
the December loan, Defendant increased Plaintiff's risk of
default on the October loan, thereby interfering with
Plaintiff's ability to enjoy the benefits of that loan.
However, as noted above, there is no evidence that Defendant
believed that either loan, by itself or as a package, was
particularly likely to fail.  Without such evidence, the
court cannot find that Defendant's purported indifference to
Plaintiff's successful repayment is actionable.

Plaintiff has produced no evidence that Defendant
sought, precipitated, or should have anticipated the failure
of the October mortgage.  Accordingly, Defendant's Motion
for Summary Judgment will be allowed with respect to Count
3.

5.   <u>Removal of Loan from Credit History (Count 2)</u>.

In Count 2 of the complaint, Plaintiff does not
identify a specific cause of action but requests an
injunction ordering the removal of the loan from his credit
history.  Because Count 2 does not articulate a cause of
action and because there are no facts in this case that
would justify the requested injunctive relief, Defendant's

Motion for Summary Judgment will be allowed with respect to Count 2.

B.   <u>Plaintiff's Cross Motion for Summary Judgment and Defendant's Motion to Strike</u>.

Plaintiff cross moves for summary judgment, and Defendant moves to strike the motion.  For the reasons stated above, Plaintiff's motion will be denied.  Defendant's motion to strike will therefore be denied as moot.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 19) is hereby ALLOWED, Plaintiff's Cross Motion for Summary Judgment (Dkt. No. 27) is hereby DENIED, and Defendant's Motion to Strike Plaintiff's Cross Motion for Summary Judgment (Dkt. No. 28) is hereby DENIED as moot.  The clerk is ordered to enter judgment for Defendant.  This case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U.S. District Judge